### C. C. RABY v. THE STATE.

#### No. 1993. Decided May 23, 1900.

**Local Option—Merger of the Precinct in the County Law.**

Where after local option had been adopted in a precinct of a county it was subsequently at a legal election adopted for the entire county, the precinct law becomes merged in and annulled by the county local option law, and a violation of the law in the precinct should be prosecuted against the county local option law which alone exists in the territory.

APPEAL from the County Court of Bosque. Tried below before Hon. H. C. COOKE, County Judge.

Appeal from a conviction of violating local option in Precinct No. 4, of Bosque County; penalty, a fine of $25, and twenty days imprisonment in the county jail.

The opinion states the case.

*Word & Word,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating local option, and his punishment assessed at a fine of $25, and twenty days imprisonment in the county jail.

The indictment contains three counts: First, for violating the local

option law by a sale of liquor in the county of Bosque, alleging that prohibition was in force in said county; second, for violating the local option law by a sale in precinct No. 4, of Bosque County, and alleging that local option was in force in said precinct No. 4; third, for violating the local option law in precinct No. 4, of Bosque County, by giving away intoxicating liquor for the purpose of evading the local option law.

The court instructed the jury solely under the second count, ignoring the other counts. The contention of appellant is that the conviction under the second count is erroneous, .because local option had been adopted in the entire county of Bosque subsequent to its adoption in precinct No. 4 of said county, and that consequently there was no local option law in the precinct only, but the violation, if at all, was of the county law. The proof on this point shows that in 1895 precinct No. 4 of Bosque County adopted local option; that in 1897, local option was submitted to the voters of the entire county of Bosque, and was adopted for the entire county. There is some suggestion as to an objection to the proof of local option election for the entire county on the part of the State on the ground that the order for said local option election had been made at a term when the county commissioners had met as a board of equalization, and not as a county court or county commissioners court. But we do not understand this matter to be presented in such shape that we can take cognizance of it. The record shows, as far as we are advised, that the election for the entire county was legal, and was made at a term of the county commissioners court, without suggesting that the county commissioners court had met merely as a board of equalization. But, even if this be true, it has been recently held that, although the county commissioners may have met at a special term to act as a board of equalization, still the commissioners court was authorized to make an order for a local option election at any special term of court. Abbott v. State, ante, p. 8. However, from the record presented to us, this question is not made; and to all intents and purposes the election in 1897, for the entire county of Bosque, as shown in the record, was a legal election, under an order made for said election at a proper term of the county commissioners court. So that the question here presented is whether or not a conviction for violating the local option law in precinct No. 4 can be maintained when, subsequent to the adoption of local option in said precinct, the entire county had voted on the question, and adopted local option. It has been held that, where local option has been legally adopted in a justice precinct, a subsequent election ordered and held for the entire county is authorized by law, and, if local option is defeated in the entire county, it does not repeal or abrogate local option in the precinct where it formerly existed. Aaron v. State, 34 Texas Crim. Rep., 103; Ex Parte Cox, 28 Texas Crim. App., 537. In our opinion, where local option is adopted for the entire county, it absorbs precincts of the county where local option formerly existed; the law being merged into the county local option law, so that

an offense occurring in the precinct territory is no longer an offense against the precinct law, that having been obliterated, but it is an offense against the county local option law, which alone exists in the territory. So it follows that the conviction was erroneous, being against the precinct law, which had been annulled by being merged into the county local option law. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*