CASE 75.—MANDAMUS BY G. H. NUNNELLY AND OTHERS AGAINST J. J. YATES, COUNTY JUDGE, TO COMPEL THE ORDERING OF A LOCAL OPTION ELECTION.—May 10.

## Yates v. Nunnelly, & c.

Appeal from Scott Circuit Court.

R. L. STOUT, Circuit Judge.

From a judgment awarding a mandamus the defendant appeals. Affirmed.

1. Appeal—Objections Not Raised Below—Mandamus to County Judge—Where a county judge refused to order a local option election in a county pursuant to the terms of a certain statute, on the sole ground that a certain town in the county had already passed upon the question, he will not be heard, on appeal in mandamus proceedings to compel him to order such election, to complain that the lower court in granting the mandamus fixed a certain day to hold the election, the fixing of which by the terms of the statute was within the county judge's discretion.

2.  Intoxicating Liquors—Local Option Elections—Duty of County
Judge to Order—Laws 1906, p. 86, c. 21, provides that no
local option election in any city of a county shall be held
on the same day on which an election for the entire county is
had, except that a city of the fourth class may hold the
election on the same day on which an election for the entire
county is held.  Ky. Stat., 1903, section 2554, provides that,
upon application by petition signed by the requisite number
of voters, it is the duty of the county judge to order the
election for the entire county, and that the citizens of any
city of the fourth class may ask for a vote upon the same
day by complying with the requirements of the statute. Held,
that it was the duty of the judge to order such election where
the necessary proceedings were taken, notwithstanding that
a city of the fourth class within the county had previous to
the time of the requested election voted upon the question,
and mandamus will be granted to compel him to make such
order.

B. M. LEE and JAMES BRADLEY for appellant.
JAMES F. ASKEW of counsel.

### POINTS AND AUTHORITIES CITED.

1.  It was error for the court to overrule the demurrer to
defendant's answer and then disregard the answer on final hear-
ing without giving the defendant an opportunity to cure any
defects which may have been in his answer.  (Bond v. Logan,
assignee 22 Ky. Law Rep., p. 3.)

2.  The petition for an election must have been received at
some previous term of court before the county court would have
had jurisdiction to make an order for an election on September
17th.  He had no power to make such order until the next "regu-
lar term after receiving said petition.", A question of fact as to
whether the petition had been so received was tendered by
defendant in his answer, which fact the court held sufficiently
pleaded.  (Section 2554, Ky. Stats., Wilson v. Hines, 99 Ky., 221;
Smith v. Patton, 103 Ky., 444).

CHINN & EDELEN for appellees.
FINNELL & FINNELL of counsel.

### POINTS AND CITATIONS.

1.  The county unit law is constitutional.  (Ky. Constitution,

sec. 59, subsec. 27, sec. 61; Stone, Auditor v. Wilson, 19 Ky. Law; Rep., 126; Commonwealth v. Taylor, 101 Ky., 325 Winston v. Stone, Auditor, 102 Ky., 423; Louisville & Jefferson-ville Ferry Co. v. Commonwealth 104 Ky., 726; Ex parte Lichten-stein, 67 Cal., 359 (56 Am. R., 713); McEldowney v. Wyatt, 44 W. Va., 711, (45 L. R. A. 609); Comth. of Penn. v. Moir 199 Pa., 534, (53 L. R. A. 837); Sutherland on Stat. Com. p. 149, "Words and Phrases," title, "General Law;" Comth. ex rel. Barth v. McCann, 29 Ky. Law Rep., 707; Article 16, sec. 20 of Constitution of Texas, sec. 3395, Statute Law of Texas; Ex parte Ripy, 44 Texas Criminal Reports 72; Ripy v. Texas, 193 U. S., 504; Owen County Local Option Act, acts, 83-84, vol. 2, p. 1442, sec. 9 and 10; Gayle v. Owen County Court, 83 Ky., 68-69).

2. On construction of the act. (Compare sec. 2560 repealed section with the act of 1906), page 86. (Cole v. Commonwealth, 101 Ky., 151; Smith v. Patton 103 Ky., 444; Commonwealth v. Bottoms, 22 Ky. Law Rep., 410).

3. On mandamus as a remedy. (Early v. Rains, 28 Ky. Law Rep., 415; Wyatt v. Ryan, 113 Ky., 306.)

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

The appellees presented to appellant, county judge of Scott county, a petition asking for an election in Scott county to determine whether or not spirituous, vinous, malt, or other intoxicaing liquors should be sold in that county, and asked that a special registration day be fixed for those places in the county where registration was required, in order to determine who was qualified to vote in said election.

A few months prior to the day upon which this petition was presented to the county judge a vote had been taken in the city of Georgetown, which is a city of the fourth class, upon the same subject, and in this election a majority of the voters of said town had voted in favor of the sale of liquor therein. At the same time that the petition was presented to the judge a sum of money sufficient to pay for the preliminary

advertising, as required by the statute, was tendered
to the county judge. He declined to order the elec-
tion. He insisted that, as the town of Georgetown
had just a short time theretofore voted upon this
question, it could not be compelled to vote again until
the expiration of three years from the date upon
which it had voted; that is, he declined to order the
election because the petitioners would not consent to
exclude the town of Georgetown from the operation
of the proposed vote. It was clearly the opinion of
the county judge that the county unit bill, passed by
the legislature in 1906, was unconstitutional. Upon
his refusal to order the vote the petitioners filed in
the circuit court a petition setting up the facts and
praying for a mandamus to compel the county judge
to order such election. Upon hearing the mandamus
was granted, and the county judge appeals. In the
circuit court the county judge filed his answer, in
which he admitted that the petitioners had fully com-
plied with the requirements of the law as to the num-
ber of people who had signed the petition and as to
their being qualified voters. It was further admitted
that the sum of money offered to be deposited with
him was sufficient to comply with the requirements of
the law, and, aside from some technical objections, he
assigned as his real reason for refusing to order the
election as requested that the city of Georgetown had
a constitutional right to hold the election to determine
the question as to whether or not spirituous, vinous,
malt, or other intoxicating liquors should be sold in
said town; that it had exercised this right on the 18th
day of August, 1906, and the result of that election
was binding on said city for a period of three years
from date; that he could not legally call an election
upon said question for a period of three years from

said date; that to do so would be to deprive the citizens of said city of their constitutional right to determine that question for themselves, and that for this reason he had declined to enter the order directing a vote to be taken in the entire county, as requested; that he stood ready and willing to enter such order upon the record as his best judgment directed, but that the petitioners were unwilling he should enter any order other than the one they asked for, to-wit, that an election be ordered held in the entire county on December 8, 1906, and that November 30, 1906, be designated as the day for registration in such towns in the county as required that registration be had; that, the petitioners being unwilling to accept any other order, he declined to make any order at all. A demurrer was interposed to the answer and overruled. No further pleadings were filed. The circuit judge thereupon entered a judgment directing appellant, as judge of the Scott county court, to enter an order on the order book of his court directing the sheriff of Scott county "to open a poll in each and all of the voting precincts of said county, including the city of Georgetown, on the 8th day of December, 1906, to take the sense of the legal voters of Scott county, Kentucky, who are qualified to vote at elections for county officers, on the proposition whether or not spirituous, vinous, malt or other intoxicating liquors shall be sold, bartered or loaned therein; this law or prohibition to apply to druggists."

Appellant insists that the circuit judge, in fixing the day upon which this election should be held, deprived him of the exercise of that discretion which the law gave him, and that because of this error the case should be reversed. The statute provides that upon the filing of the proper application, signed by a

sufficient number of voters, and the payment into court of a sum sufficient to meet the costs of the preliminary advertising, etc., the county judge shall order the election on some day named in said petition, not earlier than 60 days after the application is made and the petition filed. It is true he is given a discretion in the selection of the day upon which the election shall be ordered, and, if the day named in the petition was not satisfactory to him, he should have selected some other day, or should have, at least, suggested the substitution of some other day; but it will be observed in the present case, he declined to issue the order directing the election to be held at all. He cannot, therefore, be heard to complain. As a matter of fact, the judge did not refuse to enter the order directing the election to be held because the petitioners fixed the 8th day of December as the day for it to be held, nor did he refuse because they asked that the 30th day of November be fixed as the day for registration. He made no suggestion to the petitioners that any other days be selected, and we are of the opinion that, inasmuch as he had positively refused to enter the order fixing any day, the trial judge did not err in fixing the day, in his judgment, upon which the election should be held and also in fixing the day for the registration therein. This brings us to a consideration of the real question at issue.

In the cases of Board of Trustees of New Castle v. Scott, 101 S. W., 944; Gentry v. Peyton, 101 S. W. 944, 30 Ky. Law Rep., 894, and O'Neal, etc. v. wilhoit, Judge, etc. (recently decided by this court), 101 S. W. 951, 30 Ky. Law Rep., 888, 125 Ky. 571, the act of 1906, known as the "Cammack Act," was held to be constitutional, and a further consideration of that question here is deemed unneces-

sary.   It is provided in this act (Laws 1906, p. 86,
c. 21) that: "No election in any town, city, district,
or precinct of a county, shall be held, under this
article, on the same day on which an election for the
entire county is held, except that cities of the first,
second, third or fourth class may hold the election on
the same day on which an election for the entire
county is held."   Under this act the county is made
the unit, and upon application by petition, signed by
the requisite number of voters, as provided by section
2554 of the Kentucky Statutes of 1903, it is the duty
of the county judge to order an election for the entire
county not earlier than 60 days after the application
for the election is lodged in his court.   If there is in
said county a city of the first, second, third, or fourth
class, the citizens thereof may ask for a vote upon the
same day by complying with the requirements of sec-
tion 2554; that is, by petition to the county judge
signed by the requisite number of voters.   It is the
duty of the county judge, when a petition is filed with
him asking for a vote in the entire county, to fix a
day for the holding of such election far enough ahead
so as to give to the citizens of any town of the first,
second, third, or fourth class that may be situated in
said county an opportunity to apply for a vote on the
same day, if they so desire.   When a vote is taken in
the entire county, including a city of the first, second,
third, or fourth class therein, on the same day, if a
majority of the legal votes cast in the city are in favor
of the sale, barter, or loan of spirituous, vinous,
malt, or other intoxicating liquors therein, then it
shall be lawful for the same to be sold in said city
without regard to the result of the vote in the remain-
der of said county outside of the city.   A vote may
not be taken in a county oftener than once in three

years, and hence, when a city of the first, second, third, or fourth class has had a vote upon the same day that a vote is had in the entire county, it cannot again be taken therein under three years.

The fact that the city of Georgetown had only a few months before voted upon this question would operate to prevent a vote being taken again in the same territory—that is, in the city of Georgetown alone—but it could not operate so as to prevent a vote from being taken in the entire county, including Georgetown, within that time. Hence it matters not how recently a vote has been taken in a city of the first, second, third, or fourth class. When a vote is ordered in the entire county, it must necessarily be had in the city as well, and, if the citizens of the city desire a vote upon this question, it must be had upon the same day by separate petition, and the county judge, where application is made for a vote in the entire county, must so fix the time for said vote as to give to the citizens of any city of the first, second, third, or fourth class within the county a reasonable opportunity to apply, by petition, for a vote upon the same day. The time fixed for the holding of this election has long since passed, and upon the return of this case the circuit court judge will enter a judgment directing the judge of the Scott county court to enter an order upon his book directing the sheriff of Scott county "to open a poll in the entire county, on a day to be fixed by said judge, not earlier than sixty days after the entry of said order for the purpose of taking the sense of the legal voters of said county who are qualified to vote at elections for county officers, on the proposition as to whether or not spirituous, vinous, malt, or other intoxicating liquors shall be sold, bartered or loaned therein; this law or prohi-

bition to apply to druggists;" and he will also fix a day for registration in those towns in Scott county where registration is required.

Judgment is affirmed.