### Hill, et al. v. Motley, et al.

(Decided April 14, 1911.)

Appeal from Warren Circuit Court.

Where a city of the first, second, third or fourth class has become a separate unit, and the remainder of the county another unit, then voters in one of the units have no voice in determining whether the sale of spirituous liquors shall be allowed in the other unit.

BRADBURN & BASHAM and B. F. PRESTON for appellants.

T. W. & R. C. P. THOMAS, SIMS & RODES and GRIDER & HARLAN for appellees.

RESPONSE TO PETITION FOR REHEARING BY CHIEF JUSTICE HOBSON.

In May v. Ferguson, 135 Ky. 414, we said:
"The old law was not satisfactory to the temperance of local option adherents, and, in order that the citizens in one part of a county might have a voice in determining whether or not prohibition should be enforced in another part of the county, the law was amended as above indicated so as to make the county the unit, and the only exception which the act recognizes is that cities of the first, second, third and fourth class are made separate units, but in order for them to avail themselves of the right to be recognized as separate units, it is necessary

that they should vote upon the same day upon which the vote is taken in the entire county when the question is submitted as to whether or not prohibiton shall prevail in the county.''

In Edwards v. Porter, 141 Ky. 319, we said:

''A city of the first, second, third or fourth class is not made an absolute unit by the act, but is given the right to become a separate unit by having a separate election for itself on the day the county election is held. Unless it exercises this right it does not become a unit, and by the terms of the act if the majority of the legal votes cast in the county are against the sale, 'then it shall not be lawful to sell, barter or loan any such liquor in any portion of the county.' If when an election is held under the act for the entire county, such city exercises its right to a separate vote, and the city goes wet and the county dry or both go dry, the city becomes a unit, and may at the end of three years take another vote without regard to what the county may do or may not do.''

When a city of the first, second, third or fourth class has become a unit, the remainder of the county becomes another unit. Voters living in one of these units have no voice in an election held in the other unit, but each unit may determine its own status for itself. But until a city becomes a separate unit as above pointed out, persons living in a city may vote in an election held for an entire county to determine the question for the county. After the city has become a separate unit, persons living in the county but voting at a precinct within the city may vote at an election held for the county; and, as stated in the opinion, the election for the city may be held by separate officers and the ballots placed in a separate box. This is necessary that no confusion may result in such a case. The city electors vote the city ballot and the county electors vote the county ballot. The city having once become a separate unit, the county electors have no voice in the city matter, and the city electors have no voice in the county matter. They should vote by different ballots placed in different boxes, so that confusion will be avoided, and this method of voting should be followed when as in this case, the city demands a separate vote when an election for the entire county is held; for in no other way can confusion be avoided and the result of the election in the city fairly ascertained. The opinion is modified as above indicated. (See Hill v. Mottley, 142 Ky. 385.)

In Mottley v. Wilson, 82 S. W. 1023; Skain v. Milward, 138 Ky. 200, and Stewart v. Wurtz, 143 Ky. 39, we refused to set aside elections on proof as strong as that made here. Under the principles laid down in those cases, this election must stand.

Petition for rehearing overruled.