## FRANK WILKES V. THE STATE.

### No. 9862.    Delivered February 10, 1926.

1.—Murder—Charge of Court—Defense of Another—Failure to Give—
Error.

Where, on a trial for murder, the evidence disclosed that the deceased had assaulted, and knocked down one Batchan with a rifle, used as a bludgeon, immediately before the shooting, the court should have instructed the jury that appellant would have the right to defend Batchan from the assault of the deceased. See Guffee v. State, 8 Tex. Crim. App. 187 and other cases cited.

2.—Same—Circumstantial Evidence—Rule Stated.

It is well settled that where the state relies upon circumstantial evidence, every reasonable hypothesis should be explored, and evidence which tends to show that another, and not the accused committed the offense, or which may create in the minds of the jury a reasonable doubt as to the identity of the slayer, should not be rejected, unless it is remote to a degree that it is of no weight. Following Dubose v. State, 10 Tex. Crim. App. 230; Taylor v. State, 87 Tex. Crim. Rep. 330.

3.—Same—Continued.

In the present case, the res gestae declaration of one of the parties to the affray that the deceased shot himself, in connection with the surrounding circumstances raised an issue of fact as to whether the fatal shot was fired by another than the appellant, and his request to have the jury instructed upon that issue, should have been granted.

Appeal from the District Court of Newton County.    Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction of murder, penalty fifteen years in the penitentiary.

The opinion states the case.

*McCall & Crawford* of Conroe, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; punishment fixed at confinement in the penitentiary for a period of fifteen years.

Basil Stakes was killed by a gunshot wound, the bullet entering his left cheek just under his eye and penetrating his skull.

Woods, Sanders and Stakes went to the home of the appellant's father for the purpose of arresting the appellant and one Batchan.    The reason for the arrest is not revealed.    In

Batchan's hand was a 38-40 Winchester rifle, weighing about ten pounds. This was snatched from him by the deceased. Using the gun as a bludgeon and holding it by the barrel, deceased knocked Batchan to his knees and was in the act of swinging it again in the direction of the appellant when the fatal shot was fired. There were a number of eye-witnesses, but only two of them were used, namely, Sanders and Woods. When the gun fired, Sanders exclaimed: "Shorty has shot himself." "Shorty" was a nickname for Stakes. Although the state's witnesses were within a few feet of the appellant, neither of them claimed to have seen his pistol fire, nor to have seen a pistol in his hand before the shot was fired. He was seen, however, to have a .38 pistol after the shooting. There was one empty shell in the Winchester and in the pistol. The bullet which killed the deceased was not weighed, but there was evidence that it was somewhat larger than that which fit the pistol. The evidence is very meagre, so much so that the court found it necessary to instruct the jury upon the circumstantial evidence above set out.

There was presented and overruled an exception to the charge upon the failure of the court to instruct the jury that it would have been the right of the appellant to act in defense of Batchan. The court was also requested to instruct the jury that if the fatal shot was fired by another and not by the appellant, there should be an acquittal.

It appearing from the state's witnesses that immediately before the fatal shot was fired, the deceased, using a gun as a bludgeon, had knocked Batchan to his knees and was in the act of swinging it again, it would have been proper for the court to amend his charge in accord with the appellant's suggestion and instruct the jury upon the appellant's right to defend Batchan. See Guffee v. State, 8 Tex. Crim. App. 187; North v. State, 12 Tex. Crim. App. 115; Garcia v. State, 57 S. W. Rep. 651, 17 L. R. A. (n.s.) 795, 67 L. R. A. 546; Branch's Ann Tex. P. C., p. 1063, sec. 1912; Vernon's Tex. Crim. Stat., Vol 1, Art. 1105.

In a case of circumstantial evidence, every reasonable hypothesis should be explored, and evidence which tends to show that another and not the accused committed the offense or which may create in the minds of the jury a reasonable doubt as to the identity of the slayer, should not be rejected unless it is remote to a degree that it is of no weight. See Dubose v. State, 10 Tex. Crim. App. 230; Taylor v. State, 87 Tex. Crim. Rep. 330. In the present case, the res gestae decla-

ration of one of the parties to the affray that the deceased shot himself, in connection with the surrounding circumstances above detailed, raised an issue of fact as to whether the fatal shot was fired by another than the appellant, and his request to have the jury instructed upon that issue should have been granted.

The judgment should be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*