Williams, J.
 

 The demurrer raises the question as to what is the proper construction of the following provision in Section 6064-17, General Code:
 

 “No *
 
 *
 
 * class D-4 * * * permit shall be issued in any municipal corporation, or in any township exclusive of any municipal corporation or part thereof therein, in which at the November, 1933, election a majority of the electors voting thereon voted against the repeal of section 9 of article XV of the Ohio constitution, unless the sale of spirituous liquor by the glass shall be authorized by a majority vote of the electors voting on the question in such municipal corporation or township or part thereof, hereinafter in this section designated as the liquor control district at an election held pursuant to this section or by a majority vote of the electors of the liquor control district voting on question (d) at a special local option election held in such district pursuant to section 33 of this act.”
 

 This section then provides for the holding of an election in such liquor control district, upon the petition of fifteen per cent (15%) of the number of voters voting for governor at the last election, on the question of allowing spirituous liquors to be sold by the glass and also requires the Secretary of State within thirty (30) days after the act takes effect to certify to the Department of Liquor Control a “complete list of all the municipal corporations and townships and parts thereof in which, at the November, 1933, election, a majority of the electors voted against the repeal of section 9 of article XV of the Ohio constitution.”
 

 
 *142
 
 It appears from the petition that Marion township, exclusive of the city of Marion, is divided into two precincts designated North Precinct and South Precinct, and that the combined vote of the two at the November, 1933, election, on the question of the repeal of Section 9, Article XY of the Ohio Constitution was two hundred and four (204) votes for repeal and two hundred and eight (208) votes against repeal; and that the vote on said question in the North Precinct was one hundred and twenty-six (126) votes for repeal and one hundred and twenty-three (123) against repeal, and in the South Precinct, seventy-eight (78) votes for repeal and eighty-five (85) against repeal.
 

 It also appears from the petition that the permit is desired for the purpose of operating the club house of the Olympia Athletic Club which is located in the North Precinct.. There is no question but that the facts pleaded in the petition are such as to show that the relator is entitled to a class D-4 permit for the operation of its club house provided the provision under interpretation in the instant case can be construed so that the voting precinct within the township is the liquor control district or unit intended by the Legislature and not the township.
 

 The whole inquiry in the present case, therefore, turns upon the construction of the words, “issued in any municipal corporation, or in any township exclusive of any municipal corporation or part thereof therein. ’ ’
 

 The respondents claim that the phrase, “part thereof therein”, refers to a municipal corporation which lies within the boundaries of a township, and that the Legislature intended to confine the effect of a vote on the repeal of constitutional prohibition to a municipal corporation on one hand, and on the other to a township exclusive of the municipal corporation which lies in whole or part within such township.
 

 The relator contends these words should be so con
 
 *143
 
 strued as to apply to a voting precinct in a township, and that by the terms of the provision under consideration, the class D-4 permit may properly be issued to a club to operate in one of the precincts within a township where such precinct votes for repeal even though the township, itself, votes against repeal.
 

 There are several other sections of the act which may be examined as aids to interpretation, notably Sections 6064-31 and 6064-33, General Code, and when the provision under inquiry is read in the light of the whole act, we. are of the opinion that such a permit can not be granted in a precinct within a township in case such precinct has voted for repeal, but that the township exclusive of a municipal corporation, in whole or in part within its limits, is the unit to be considered in determining the liquor control district. This construction is the only one that reconciles the various related statutory provisions.
 

 The demurrer to the petition is, therefore, sustained.
 

 Demurrer sustained.
 

 Weygandt, C. J., Garver, Hart, Stephenson, Jones and Matthias, JJ., concur.