LEVINE v. COUNTY OF NEWAYGO.

1. INTOXICATING LIQUORS—CONSTITUTIONAL LAW—CONSTRUCTION OF STATUTES.

The power to regulate and control the manufacture and sale of intoxicating liquors has been conferred upon the legislature by the Constitution and the statute it has enacted pursuant to the Constitution must be construed to carry out the legislative intent and in the light of the purpose sought to be accomplished (Const 1908, art 16, § 11, as amended in 1932; CL 1948, § 436.1 et seq.).

2. SAME—SUNDAY SALES OF BEER AND WINE—APPLICATION OF REFERENDUM.

Provision of the liquor law relative to referendum on Sunday sales of beer and wine within a county, city, village, or township does not contemplate submission of the question of such prohibition within a part only of the political unit in which the question is submitted and if the vote favors imposition of the prohibition it extends to all of the political unit (CL 1948, § 436.18a).

3. SAME — REFERENDUM — COUNTIES — TOWNSHIPS — VILLAGES — CITIES.

A referendum on prohibition of Sunday sales of beer and wine on a county-wide basis is not forbidden merely because some township, village or city within such county may have held a referendum on the question within the preceding 4 years, the prohibition against earlier resubmission being applicable only to identical territory (CL 1948, § 436.18a).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur, Intoxicating Liquors, § 49; 50 Am Jur, Statutes, §§ 223, 303.

[2, 3] As to local option, see 30 Am Jur, Intoxicating Liquors, § 167 et seq.

[4] 14 Am Jur, Costs, §§ 23, 91.

4. Costs—Public Question—Sunday Closing of Taverns.
    No costs are allowed in suit to determine whether or not taverns
    located in a village might sell beer and wine on Sunday where
    referendum in village rejecting the prohibition was followed
    2 years later by a county-wide referendum in which Sunday
    cloture was adopted, a public question being involved (Const
    1908, art 16, § 11, as amended in 1932; CL 1948, § 436.18a).

Appeal from Newaygo; Pugsley (Earl C.), J. Submitted June 15, 1950. (Docket No. 84, Calendar No. 44,638.) Decided September 11, 1950.

Bill by Joseph Levine and Karl Eldred against County of Newaygo and others to restrain interference with sale of beer and wine by plaintiffs on Sunday. Decree for defendants. Plaintiffs appeal. Affirmed.

*Colin L. Smith* (*Warner & Hart,* of counsel), for plaintiffs.

*J. Donald Murphy,* for defendants.

Carr, J. Plaintiff brought suit in circuit court for the purpose of obtaining injunctive relief against the defendants. The latter filed their answer to the bill of complaint, together with a motion to dismiss based primarily on the claim that plaintiffs had failed to allege a cause of action entitling them to the equitable relief sought. Following a hearing on the motion, the trial court came to the conclusion that the questions raised by the pleadings involved issues of law rather than of fact, and that defendants' contentions with reference thereto were well founded. A decree was entered accordingly, dismissing the bill of complaint, from which plaintiffs have appealed.

The bill of complaint avers that plaintiffs are proprietors of taverns located in the village of White Cloud, Newaygo county, that they are residents of

said village, and that, in connection with the operation of their taverns, they are the holders of licenses issued to them under the provisions of the Michigan liquor control act* authorizing them to sell beer and wine for consumption on the premises. On the 10th of March, 1947, at a regular election held in the village, the question of prohibiting within the municipality the sale of beer and wine on Sunday between the hours of 2 a.m. and 12 midnight was submitted to the electors, and rejected by a vote of 216 to 173. Thereafter, under date of April 4, 1949, the same question was submitted to the electors of Newaygo county at a regular election, and was carried by a vote of 3,249 to 2,907. In each instance the question was submitted in accordance with the procedure prescribed by section 18a of the liquor control act, which was added to the statute by PA 1945, No 258 (CL 1948, § 436.18a [Stat Ann 1947 Cum Supp § 18.989(1)]).

Following the county election the prosecuting attorney notified the plaintiffs that the sale of beer and wine on Sunday between the hours mentioned would be illegal. Plaintiffs aver that they were threatened with arrest and prosecution if they made such sales, and the answer of the defendants, while denying the threats alleged, stated that any violation of the statute would have been prosecuted. Plaintiffs further claim in their pleading that they will suffer great loss of business if they are not permitted to make Sunday sales of beer and wine in their taverns, that if they continue to do so they will be faced with arrest and prosecution and perhaps with cancellation of their licenses, that under the circumstances they are entitled to invoke the aid of equity to protect their alleged rights, that the action

---

* PA 1933 (Ex Sess), No 8, as amended (CL 1948, § 436.1 *et seq.* [Stat Ann and Stat Ann 1947 Cum Supp § 18.971 *et seq.*]).

taken by the electors of the village of White Cloud on March 10, 1947, was not superseded or nullified by the county election held in April, 1949, and that the defendants should be enjoined from instituting any criminal proceedings against them or otherwise interfering with them in the sale of beer and wine on Sunday in their respective places of business.

The meritorious question in the case involves the interpretation of section 18a, above cited, of the Michigan liquor control act. Said section (which was amended in certain respects by PA 1949, No 295), at the time of holding the elections in question, read as follows:

"The same sale of beer and wine between the hours of 2 a.m. and 12 midnight on Sunday may be prohibited in any county, city, village, or township, by a majority vote of the electors voting at a regular or special election called for that purpose in the following manner: Not oftener than once in every 4 years, upon the filing of a petition with the county, city, village, or township clerk, as the case may be, requesting the submission of the question of the Sunday sale of beer and wine, the clerk shall call a special election in said county, city, village, or township, to be held within 60 days of the filing of such petition, unless a regular election is to be held within 90 days of the filing of said petition, in which latter case this question shall be voted upon in such a regular election: Provided, That said petition is filed 15 days prior to said regular election. In case of a county, city or township such petition shall be signed by a number of the qualified electors thereof which shall be not less than 35 per centum of the total number of votes cast for all candidates for the office of secretary of State in such county, city or township at the last general election held for such purpose, and in case of a village such petition shall be signed by a number of the qualified electors thereof which shall not be less than 35 per centum of

the total number of votes cast for all candidates for the office of president of such village at the last village election held for such purpose. The question of the Sunday sale of beer and wine shall be submitted by ballot in substantially the following form:

" 'Shall the sale of beer and wine within (the county, city, village, or township as the case may be) between the hours of 2 a.m. and 12 midnight on Sunday be prohibited?

"Yes  . . . . . . . .

"No  . . . . . . . . ,'

"All votes on the question shall be taken, counted and canvassed in the same manner as votes cast in county or city or village or township election, as the case may be, are taken, counted and canvassed. Ballots shall be furnished by the election commission or similar body of the respective counties, cities or villages or townships. In case a majority of the electors voting at any such election shall vote in favor thereof, the sale of beer and wine within such county, city, village, or township between the hours of 2 a.m. and 12 midnight on Sunday shall be prohibited."

It will be noted that the right to exercise the referendum privilege is granted to the electors of counties, cities, villages and townships. Counsel call attention to the further provision forbidding the exercise of such privilege at intervals of less than 4 years. Plaintiffs contend, in substance, that the expression of the will of the electors of the village remained in force, and was not affected by the subsequent action taken in 1949 by the electors of the county as a whole. It is the position of defendants that the interpretation placed on the statute by plaintiffs is incorrect, that the village action could not preclude the holding of an election within the county during the 4-year period, and that the determination of the question by the electors of the county was binding on all parts thereof, including the village of White Cloud.

The power of the legislature to regulate and control the manufacture and sale of intoxicating liquors in accordance with the provisions of article 16, § 11, of the State Constitution, as amended by popular vote at the general election in November, 1932, is not open to question. *Fitzpatrick* v. *Liquor Control Commission,* 316 Mich 83 (172 ALR 608); *Black* v. *Liquor Control Commission,* 323 Mich 290. The statute in question must be construed to carry out the legislative intent and in the light of the purpose sought to be accomplished. *City of Grand Rapids* v. *Crocker,* 219 Mich 178; *Boyer-Campbell Co.* v. *Fry,* 271 Mich 282 (98 ALR 827); *Smith* v. *City Commission of Grand Rapids,* 281 Mich 235.

It is apparent from the language of the statutory provisions involved in the instant case that the legislature did not contemplate submitting the question of prohibiting Sunday sales of beer and wine within a part only of the county, city, village, or township concerned. The language of the prescribed form of ballot is significant in this regard; and it will be noted that, under the concluding sentence of the section, if a majority of the electors vote in favor of the proposition submitted, the sale of beer and wine within the county, city, village, or township concerned, during the hours specified, is prohibited. This must be construed as meaning all of such county or other unit.

We may not read into the law a provision forbidding the submission of the question of Sunday closing to the electors of a county because, within the preceding 4 years, some township, village, or city within such county, may have held a referendum on the question. Had the legislature intended such result, we think it may be assumed that language expressing such intent would have been used. It may be noted in passing that under the express language of article 16, § 11, of the Constitution, the

manufacture and sale of alcoholic beverages may not be authorized in any county in which the electors by a majority vote have prohibited the same. Submission of such question within a county was governed, at the time of the holding of the elections involved in the instant case, by CL 1948, § 436.57 (Stat Ann 1947 Cum Supp § 18.1028).* Thus the Constitution and the statute authorized the electors of any county to adopt prohibition within the limits of such county. No exception is made in favor of any city, village, or township, within the county, desiring the continuance of the liquor traffic within its borders.

While the general rules of statutory construction applicable in the instant case have been repeatedly recognized in prior decisions of this Court, it does not appear that the precise question at issue here has been determined. In other States, statutes containing provisions somewhat analogous to those in section 18a of the Michigan liquor control act have been considered. In *Schwartz* v. *People,* 46 Colo 239 (104 P 92), under the local option law of the State, cities, towns, wards, ward subdivisions, districts, and precincts might become "anti-saloon territory" by action of the qualified electors therein. In accordance with the provisions of the statute such proposition was submitted in one of the wards of the city of Denver, and simultaneously a separate and like proposition was submitted to the electors of one of the precincts within such ward. The result in the ward was in favor of the proposition submitted, while in the precinct a majority voted against declaring such precinct anti-saloon territory. The defendant in the case was prosecuted thereafter for selling liquor within the precinct, in which prior to the election he had been carrying on business as a

---

* Amended by PA 1949, No 295, with reference to special elections.

duly licensed saloonkeeper.   In affirming the conviction the supreme court of the State said, in part (pp 278, 281) :

"The law gives to each political subdivision mentioned, small or large, a chance to bespeak for such division, anti-saloon territory, and to make of every subdivision so speaking, anti-saloon territory throughout its entire extent. · The unit of sovereignty or control is determined when an affirmative vote in any political subdivision, or group thereof, is had, making such political subdivision, or group, anti-saloon territory, and such anti-saloon territory becomes the sovereign or controlling unit.   If the ward votes dry, then it becomes anti-saloon territory throughout its entire extent, and is the sovereign or controlling unit.   If the city or town votes dry, then it becomes anti-saloon territory throughout its entire extent, and is the sovereign or controlling unit. The dry precinct, the dry ward, the dry town or the dry city, controls, whichever votes to be anti-saloon territory.   There can be no wet precinct in a dry ward, or town, or city, because the statute provides that when any political subdivision, which is entitled to vote on the question, declares for anti-saloon territory, it becomes so throughout its entire extent. There may be a dry precinct in either a wet ward, or town, or city, according to the result of· the vote, because the statute expressly gives the right to any one or more of the enumerated political subdivisions to vote on the question, and whatever or whichever subdivision votes for anti-saloon territory, becomes such throughout its entire extent, and no territory of another or different character can exist therein. * * *

"Again suppose a precinct proposition is submitted and the vote is 'no,' and immediately a proposition is submitted to the entire ward to become anti-saloon territory, within which such precinct is located, and this is permissible, in spite of the twenty-three months limitation, because that distinctly is

a limitation upon a resubmission in the *identical* territory in which a vote has already been had, and not to a different subdivision, and if on such vote the ward declares for anti-saloon territory, such ward thereupon becomes anti-saloon territory throughout its entire extent, covering the included precinct, because it is expressly provided that when any subdivision votes to become anti-saloon territory, it becomes *wholly so.*"

Likewise, in *Garrett* v. *State,* 61 Tex Crim 254 (134 SW 696), the statute involved authorized submitting to the qualified voters of any county, justice precinct, town, or city, the right to determine by a majority vote of the electors therein whether the sale of intoxicating liquors should be prohibited "within the prescribed limits." It was held that under the express terms of the statute the holding of such election within a justice precinct did not prevent a like election for the entire county immediately thereafter, and that the adoption of prohibition in the county applied to all parts thereof, including the justice precinct or precincts previously taking action. In reaching such conclusion the court said:

"If the county has the right to hold an election, and it does so, and a majority votes for prohibition, and it is properly so declared, it thereby puts the law that is then in force in effect in the whole of such county."

See, also, *May* v. *Ferguson,* 135 Ky 411 (122 SW 208), in which it was held that the adoption of prohibition by the electors of a county precluded action on the part of any subdivision thereof other than cities specifically excepted by the statute. Generally speaking, in cases involving questions of this nature, the determination has been based on the specific language of the statutory provisions involved. *Baxter* v. *State,* 49 Or 353 (88 P 677, 89 P 369); *Drew*

v. *Town of Zwolle, Sabine Parish,* 185 La 867 (171 S 59); *State, ex rel. Olympia Athletic Club,* v. *Department of Liquor Control,* 129 Ohio St 140 (194 NE 11).

For the reasons indicated, we think that the trial judge reached the correct conclusion in the case. The decree is affirmed. A question of a public nature being involved, no costs are allowed.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.