## Brown v. Commonwealth.

APPEAL FROM BELL CIRCUIT COURT.

1. REPEAL OF LIQUOR LAW BY CITY CHARTER.—An act of the legislature prohibiting the sale of liquor in Bell county, which was in force at the time of the adoption of the present constitution, was repealed as to the city of Pineville, in that county, a city of the fourth class, by the charter for cities of that class, which confers upon the Board of Council the power by ordinance to license, permit, regulate or restrain the sale of vinous, spirituous and malt liquors within the limits of the city.

2. LOCAL OPTION.—The "local option" law does not attempt to regulate or prohibit the sale of liquor by retail, except in so far as it follows the mandate of the constitution by allowing the voters of their respective localities to prohibit or regulate the sale of liquors as the majority may determine. Until such majorities determine otherwise, acts of the General Assembly and ordinances passed in pursuance of acts chartering the cities of the Commonwealth must control.

As the sale of liquor complained of in this case was made under a license issued pursuant to a valid city ordinance the indictment should be dismissed.

A. K. COOK FOR APPELLANT.

The act of 1884 in so far as it applied to the cities of Middlesborough and Pineville was repealed by the charter of cities of the fourth class. (Ky. Stats., sec. 3490, sub.-sec. 27.)

Section 61 of the constitution was not intended to limit the legislature to the enactment of a local option law, and to deprive it of the power to enact any other laws touching the liquor traffic.

WM. J. HENDRICK, ATTORNEY-GENERAL, AND WM. AYRES FOR APPELLEE. ·

1. Consistency requires that the power to license conferred on city councils be limited to those cities alone in which such sale had not been previously prohibited and in which, consequently, no vote of the people under the law of 1892 was first necessary to be had in order to remove the prohibition.

2. Section 61 of the constitution was intended to place and did place

with the people alone the right under the general law to decide for themselves whether or not the status existing when the constitution took effect should be changed in any county, city, town, etc.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The accused was indicted in the Bell Circuit Court charged with the offense of unlawfully selling liquors in quantities less than twenty gallons, in violation of an act of the General Assembly, approved February 9, 1884, and of an amendatory act thereto, which became a law in 1888, which prohibited the sale of liquors in the counties of Bell, Harlan, Perry and Leslie in quantities less than twenty gallons. He was convicted and fined one hundred dollars.

The city of Pineville is situated in Bell county, and was incorporated by virtue of an act of the General Assembly in 1890, and by which the special acts, *supra*, were not repealed, even so far as they applied to the territorial limits of the city.

The special act prohibiting the sale of liquors was in force in Bell county (other than in Middlesborough) when the present constitution was adopted, and it is insisted by counsel for the Commonwealth that it was in force when the indictment was found, on the 11th day of July, 1894.

Pineville is a city of the fourth class. The liquor, for the selling of which the accused was indicted and convicted, was sold in Pineville, under a license from the board of council of that city, the lower court taking the view of the counsel for the Commonwealth, and holding that the special prohibitory act was still in force in the city limits of Pineville.

The constitution was adopted on the 28th day of September, 1891. Section 61 of the Constitution reads as follows:

"The General Assembly shall, by general law, provide a means whereby the sense of the people of any county, city,

town, district or precinct may be taken as to whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned therein, or the sale thereof regulated. But nothing herein shall be construed to interfere with or to repeal any law in force in relation to the sale or gift of such liquors. All elections on this question may be held on a day other than the regular election days."

This section of the Constitution required that the General Assembly should, by a general law, provide a means whereby the sense of the people in a given locality should be taken as to whether liquors should be sold, etc., or the sale thereof regulated.

This section did not repeal any law in force relating to the sale or gift of liquors. The section does not withhold from the General Assembly the power to repeal such laws. So it was not a question of authority, but one of policy as to whether it would repeal, in whole or in part, such laws relating to a county, city, town, district or precinct before the sense of the people therein should be taken on the question. The fact that the Constitution made it incumbent on the General Assembly to provide a general law on the subject of taking the sense of the people as to whether liquors should be sold did not deprive the General Assembly of the power to permit or prohibit the sale of liquor until such time as the sense of the people could be taken in the manner prescribed by the general law. It could have passed such laws as would have authorized the sale of liquors in localities where prohibition laws had been in force, or it could have passed a law prohibiting the sale in communities where the sale of liquors had been licensed.

In other words, the General Assembly had the authority to fix the status of any county, city, town, district or precinct as to the sale of liquors, until such time as a sense of the peo-

ple should be taken as provided by a general law on the question.

Section 156 reads as follows: "The cities and towns of this Commonwealth, for the purpose of their organization and government, shall be divided into six classes. The organization and powers of each class shall be defined and provided for by general laws, so that all municipal corporations of the same class shall possess the same powers and be subject to the same restrictions. * * *" .

By this section the organization and powers of each class are required to be defined and provided for by general laws, so that the same class shall possess the same powers and be subject to the same restrictions.

When the charters of the cities of the fourth class were passed the General Assembly was confronted with the condition that some cities of the fourth class had laws regulating and others had laws prohibiting the sale of liquor. With a view of conferring the same powers on all the cities of the fourth class, it was provided that the board of council had power, by ordinance, to license, permit, regulate or restrain the sale of all kinds of vinous, spirituous or malt liquors within the limits of the city, etc. By this provision of the charter of the cities of the fourth class the power to regulate or prohibit the sale of liquor was given their respective boards of council. This provision is directly in conflict with the prohibition law in force as to Pineville at the time of the passage of the act chartering cities of the class named, hence it repealed it so far as it applied to the territory over which the council of Pineville was granted power to regulate or prohibit the sale of liquors.

It follows that the council of Pineville had the power to pass the ordinance under which the license was issued to the accused. The "local option" law does not attempt to regu-

late or prohibit the sale of liquors by retail except in so far as it follows the mandate of the Constitution by allowing the voters of their respective localities to prohibit or regulate the sale of liquors as the majority may determine. Until such majorities may determine otherwise, acts of the General Assembly and ordinances passed in pursuance of acts chartering the cities of the Commonwealth must control. There has never been any vote taken under the "local option" law as to whether liquors should be sold in the city of Pineville, nor was there a vote taken in the first instance as to whether the special act should be in force in Bell county.

The case is reversed, with directions that accused be granted a new trial, and that the indictment be dismissed.