## Welch, et al. v. Irvine, et al.

(Decided May 12, 1914.)

### Appeal from Jessamine Circuit Court.

1. Intoxicating Liquors—County Unit Law.—The validity of the legislation known as the County Unit Law has been sustained by this court in so many cases that the question must be regarded as closed so far as this court is concerned.

2. Intoxicating Liquors—County Unit Law—Effect Of.—When at an election held under the County Unit Law a majority of the votes in the county are against the sale of liquor, the effect is to annul elections previously held, no matter when, in any city, town or subdivision, authorizing the sale of intoxicating liquors, and to put the entire county under the operation of the County Unit Law.

N. L. BRONAUGH, JOHN H. WELCH for appellants.

EVERETT B. HOOVER for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In April, 1911, an election was held in the city of Nicholasville to ascertain the will of the people upon the subject whether or not intoxicating liquors should be sold in the city, with the result that a majority voted in favor of the sale.

In June, 1913, an election was held in the county of Jessamine, including the city of Nicholasville, to determine whether or not intoxicating liquors should be sold in the county, and at this election a majority of the voters in the county expressed themselves as being opposed to the sale of such liquors, although a majority of the votes in the city were cast in favor of the sale. The result as certified to by the election commissioners was contested by the appellants, who represent those favoring the sale of intoxicating liquors. The contest was dismissed by the contest board, and an appeal prosecuted to the circuit court. That court also sustained the validity of the election, and from its judgment this appeal is prosecuted.

On this appeal the only ground of contest urged relates to the validity of the act of 1906 as amended by the act of 1912, known as the County Unit Law, and we have been furnished by counsel for appellants with an able and interesting brief attacking this legislation as violative of the letter as well as the spirit of section 61 of the Constitution. If the argument were conceded, the result would be to leave unaffected the election held in the city of Nicholasville in 1911 and to permit it and other cities to control for themselves, independent of the wish of the county as a whole, the subject whether or not intoxicating liquors should be sold in the city.

But under the County Unit Law the county controls all cities, towns and political sub-divisions in the county, and when at an election held under this law a majority of the votes in the county are against the sale of liquor, the effect is to annul elections previously held, no matter when, in any city, town or other subdivision authorizing the sale of intoxicating liquors, and to put the entire county under the operation of the County Unit Law. Or, as expressed in the act: "When an election is held in an entire county and a majority of the legal votes cast at said election are against the sale, barter or loan of spirituous, vinous, malt or other intoxicating liquors, then it shall not be lawful to sell, barter or loan any such liquors in any portion of the county."

The validity of this legislation first came before this court in the case of the Board of Trustees of New Castle v. Scott, 125 Ky., 545, and in that case it was expressly held to be within the power of the Legislature to enact a law making the county the controlling unit in elections to regulate the sale of intoxicating liquors. Since then the construction placed by the court in the Scott case on section 61, of the Constitution, has been approved in a number of cases, among which we may notice Eggen v. Offutt, 128 Ky., 314; May v. Ferguson, 135 Ky., 411; Brown & Proctor v. Hughes, 141 Ky., 695; Edwards v. Porter, 141 Ky., 315.

The last deliverance of this court on the subject was in McAuliffe v. Helm, 157 Ky., 626. In that case, which presented a state of facts identical with this, it was earnestly contended, as in this, that the acts of 1906 and 1912 were violative of section 61 of the Constitution, as well as other sections of that instrument; but we said, in rejecting the argument: "In view, however, of the fact that the principle embodied in the act, and to which objection is now made, has been repeatedly approved by this court in cases wherein similar statutes have been upheld, we do not now deem it necessary to again go into that question."

This unbroken line of decisions has firmly established the power of the law-making department to enact the legislation here assailed, and it would serve no useful purpose to answer the arguments presented by reiterating what has been so often said by this court on this subject. The question sought to be reopened by counsel must be regarded as closed so far as this court is concerned.

The judgment appealed from is affirmed.