## Long v. Smith, Sheriff, et al.

Jan. 30, 1940.

M. L. Heavrin and Frank A. Logan for appellant.

Allen P. Cubbage and C. O. Carrier for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

An election was held in Grayson county on June 12, 1937, on the question as to whether or not the local option law should be adopted in the county. The election resulted, by a small majority, against the adoption of the local option law. On September 9, 1939, an election was held in the city of Leitchfield in Grayson county on the question as to whether or not the local option law should be adopted in the city, and 349 votes were cast in favor of the adoption of the law and 140 votes were cast against its adoption. On September 18, 1939, M. G. Long brought this action to have the election declared void and of no effect, and to enjoin the election commissioners from certifying the results to the Grayson county court and the county judge from entering an order on the order books of the Grayson county court certifying the results or putting into effect the local option law in the city of Leitchfield. It was alleged in the petition that the election in the city of Leitchfield was void because it was held less than three years after the date of the holding of the county election. A demurrer to plaintiff's petition was sustained, and, the plaintiff having declined to plead further, his petition was dismissed.

On this appeal it is argued that the county election held on June 12, 1937, was a bar to the holding of an election in a territorial division of the county for three years from the date of the county election, in view of the provision in the present local option law that no election shall be held in the same territory oftener than once in every three years. Kentucky Statutes, Section 2554c-4. Section 61 of our Constitution reads in part:

"The general assembly shall, by general law, provide a means whereby the sense of the people of any county, city, town, district or precinct may be taken, as to whether or not spiritous, vinous or malt liquors shall be sold, bartered or loaned therein, or the sale thereof regulated."

This section was adopted in 1935, and is the same as Section 61 of the Constitution which was repealed by implication when Section 226a, prohibiting the manufacture, sale or transportation of intoxicating liquors, was adopted in 1919. Pursuant to the provisions of this section, the General Assembly in 1936 enacted a comprehensive local option law in which the five divisions of territory created by Section 61 of the Constitution are recognized. Chapter 1, Acts 1936; Kentucky Statutes, Chapter 81, Article 7, Sections 2554c-1 to 2554c-42, inclusive. The present local option law is substantially a reenactment of the local option law in force prior to national prohibition. Section 2554c-17 of the Statutes is a reenactment, in substance, of Chapter 21 of the Acts of 1906, known as the "Cammack County Unit Act." It reads:

"When an election is held in an entire county and the majority of votes cast at said election are against the sale, barter or loan of intoxicating liquor, then the terms of Division three (3) of this Act shall be applicable to every portion of said county. If at such election for the entire county the majority of votes cast are in favor of the sale, barter or loan of such liquors, said vote shall not operate to make the terms of Division three (3) of this Act inapplicable in any territorial division of said county where the local option law has been previously adopted, but the status of such territorial division shall remain as if no such election had been held."

In Board of Trustees of Town of New Castle v. Scott, 125 Ky. 545, 101 S. W. 944, 948, the constitutionality of the Cammack Act was upheld, and in reference to Section 61 of the Constitution, the court said:

"Our construction is, in view of these conditions and the language used, that the Constitution meant that the local units named should control within their own territory the question of prohibition; that each should have the privilege of saying conclusively that prohibition should prevail, but not conclusively that it should not. This construction harmonizes the section so as to allow all of it to stand, and to give equal force and power to each unit named. If a precinct votes that prohibition shall prevail within its territory, it is not competent for any other unit to gainsay the matter. If, however, the precinct votes against prohibition, that leaves

the question, so far as it is concerned, as it was before any vote was ever taken on it. But, if the town or city which includes the precinct in question subsequently votes in favor of prohibition, the whole town or city thereby becomes dry. Or, if the county subsequently votes dry, the same result as to the county is attained. But if the county or town vote wet, and the precinct has previously voted dry, the precinct controls for itself. Thus each unit for itself has the option of putting the prohibition law into effect within its territory, and no larger or smaller unit can prevent it. This is the only construction of the section that occurs to us, or that has been pointed out, that will allow equal and uncontrolled power to every one of the five units named in the section."

Section 2554c-1 of the Statutes defines the term "local option territory" as used in the Act as:

"Such county, city, town, district or precinct for which a petition shall be filed asking for an election to take the sense of the voters regarding the sale, barter and loan of intoxicating liquors as provided, and such governmental unit where a majority shall have voted in favor of prohibiting the sale, barter or loan of said liquors or the possession or transportation thereof."

Section 2554c-2 provides for the calling of an election in a county or any city, town, district or precinct thereof for the purpose of taking the sense of the legal voters of such county, city, town, district or precinct upon the proposition whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned therein. Section 2554c-4 provides that "no election shall be held in the same territory oftener than once in every three years." The old local option law contained this provision:

"The election or elections herein provided for shall not be held for any (county) city, town, district or precinct oftener than once in every three years." Carroll's Kentucky Statutes, 1903 Edition, Section 2563.

In Board of Trustees v. Scott, supra, the town of New Castle in Henry county voted against prohibition on September 1, 1905. On June 11, 1906, at an election held for the entire county of Henry, the local option law

was adopted. The question was whether the larger unit could vote within three years after an election in a smaller unit. In disposing of this question, it was said:

"At this point, we may say that the act under examination was intended to change the law as to the effect of a vote on prohibition. Under the statute that was repealed by this act, a vote against prohibition was given the same effect as a vote in favor of it; but the present act intended to give a different effect, by allowing each unit a chance—without regard to any previous vote taken in any other unit—to adopt prohibition. So, without reference to when the vote was taken in a city or precinct, which resulted in a majority against prohibition, any other unit, either including or included by the territory just mentioned, may vote for itself on the proposition, and, if it votes in favor of it, prohibition in counties of the class to which Henry and Lincoln belong becomes effective in that territory. Therefore, although New Castle and Stanford had shortly before refused to vote prohibition, the counties in which they were situated had the right to immediately vote on the subject as a whole. The statute, prohibiting a second vote within three years, has reference to an election in the identical territory."

In Eggen v. Offutt, 128 Ky. 314, 108 S. W. 333, 334, an election was held on September 1, 1906, in Nelson county as a whole on the question as to whether or not spirituous, vinous or malt liquors should be sold, bartered or loaned in the county, and the election resulted in favor of the sale of such liquors. On August 31, 1907, an election was held in Magisterial District No. 4 of Nelson county, and it resulted in favor of the adoption of the local option law in the district. It was argued that the election in the magisterial district was void because the county election was a bar to the holding of an election in a territorial division of the county for three years from the date of the county election. In disposing of this question, the court said:

"Manifestly it cannot be claimed that an election held in magisterial district No. 4 as a unit was an election in or for the county as a unit or whole, such as was the election for the county held in 1906. Therefore, the territory in which the elections occurred was not the same or 'identical territory.' If the election of 1906 for the county, in which the

county as a whole was the unit, had gone dry, instead of wet, the election held in district No. 4, the smaller unit, in 1907, would have been invalid; but inasmuch as the county election did not so result, and the district election resulted in favor of prohibition, and it was not held in the identical territory in which the election for the county was held, it had the effect to put prohibition in force in district No. 4.''

That case is controlling here. We see no distinction between the present act which provides that no election shall be held in the same territory oftener than once in every three years and the act construed in the Eggen case which provided that local option elections should not be held for any county, town, district or precinct oftener than once in every three years. It was held, in effect, that this language was equivalent to saying that no election should be held in the same territory oftener than once in every three years. As was said in the Eggen and Scott cases, the territory in which the elections occurred was not the same or identical territory. In reenacting substantially the provisions of the old local option law, the General Assembly had before it the construction placed on that act by this court, and if it had desired a different result it undoubtedly would have said so in plain and unmistakable language.

The judgment is affirmed.