## STEPHENS v. STUMBO, Judge.

Court of Appeals of Kentucky.

May 22, 1951.

Mann & Mann, Ben Mann, Paintsville, for appellant.

W. W. Burchett, Prestonsburg, for appellee.

CAMMACK, Chief Justice.

More than three years after Floyd County voted dry, a petition was filed seeking an election on the wet and dry question in the Third Magisterial District of the County. The County Judge refused to call the election, and the appellant filed an action seeking a declaration of rights and a writ of mandamus requiring him to do so. The appeal is from a judgment upholding the position of the County Judge.

Since the adoption of the amendment to the Local Option Act, Chapter 21, Acts 1906, known as "The Cammack Act," this Court has held consistently that, where a county votes dry as a unit, no lesser political subdivision can thereafter vote on the question of discontinuing prohibition. A review of these holdings may be found in the case of Murphy v. Menefee, 288 Ky. 119, 155 S.W.2d 753, wherein we adopted the opinion of Judge K. S. Alcorn, who tried the case below. See also Fuson v. Howard, 305 Ky. 843, 205 S.W.2d 1018. In the Murphy case we held that Chapter 5 of the Acts of 1938, which related to sale of 3.2 beer in certain territory, did not change the effect of the Local Option Act, Chapter 1 of the Acts of 1936, which constituted a substantial reenactment of the Local Option Act. During the course of the opinion it was said: "* * * As we have seen, a precinct dry by reason of the county including it having voted prohibition, has no voice in invoking a local option election, unless such an election is for the entire county. Its identity as a separate voting unit for local option purposes, has been merged in that of the county. If the Legislature proposed to change this long established public policy of preserving for the entire county, when it had voted dry, the exclusive right, as compared with any of its territorial subdivisions, of determining whether there should be another local option election within its borders, certainly it should have made that purpose unmistakably plain by the

terms of the amendment. * * *" [288 Ky. 119, 155 S.W.2d 756.]

Under Chapter 47 of the Acts of 1948, the Legislature authorized the voters in cities of the first four classes to determine for themselves whether or not prohibition should prevail, irrespective of a county-wide vote on the question. We upheld that Act in McMullin v. Richmond City Council, 312 Ky. 430, 227 S.W.2d 975. It may be seen, therefore, that, insofar as cities of the first four classes are concerned, the Legislature has made "unmistakably plain" its intent to change the effect of the county unit rule therein. Obviously, the rule stands, insofar as the remainder of the State is concerned. Therefore, on the authority of the Murphy case, the judgment is affirmed.

COMBS, J., not sitting.