**BALL et al. v. HILL et al.**

Court of Appeals of Kentucky.

June 15, 1951.

Cleon K. Calvert, Pineville, Robert J. Watson, Middlesboro, for appellants.

Clore & Swinford, Pineville, for appellees.

CULLEN, Commissioner.

In actions in the Bell Circuit Court, the holding of local option elections in three precincts of the Third Magisterial District of Bell County was sought to be enjoined, because less than three years prior to the proposed elections, an election had been held in the entire magisterial district, the result being against prohibition, or "wet." The actions were consolidated. Demurrers to the petitions were sustained, and the actions were dismissed. The plaintiffs have appealed.

The contentions of the appellants are: (1) That to permit the "drys" to have a local option election in a precinct within less than three years after an election in

which the magisterial district containing the precinct has voted "wet," is unwarranted discrimination and denies equal protection of the laws, because the "wets" are not accorded a corresponding privilege when the district has voted "dry;" (2) that KRS 242.030(5) should be construed to mean that when a local option election held in a territory has resulted against prohibition, another election may not be held within three years in any political unit embraced in the territory.

This court consistently has taken a position adverse to the appellants' contentions. The position was reaffirmed in Fuson v. Howard, 305 Ky. 843, 205 S.W.2d 1018, and was adherred to in Stephens v. Stumbo, Ky., 239 S.W.2d 995. We continue to abide by those decisions.

The judgment is affirmed.