**Forest STICE et al., Petitioners,**

v.

**John M. MILLIKEN, Warren County Judge, Respondent.**

Court of Appeals of Kentucky.

March 3, 1961.

---

E. R. Gregory, Bowling Green, for petitioners.

John B. Breckinridge, Atty. Gen., Troy Savage, Asst. Atty. Gen., B. G. Davidson, Bowling Green, for respondent.

BIRD, Chief Justice.

Pursuant to and in full compliance with KRS 242.020(1) (2) and (3), a petition was filed asking that a local option election be held in and for Motley Precinct Number 27 of Warren County. The county court declined to call the election. The petitioners have asked this Court for an order directing the judge of the Warren County Court to call the election as provided by KRS 242.020 (4).

All of the territory in Warren County outside the City of Bowling Green was voted dry by the people more than three years before the filing of the petition. Motley Precinct is wholly within the territory that is theoretically dry under that vote.

The county court held that the county voted dry as a unit and that another vote on the question by less than the county unit would be contrary to law. The judgment of the county court cites Stephens v. Stumbo, Ky., 239 S.W.2d 995, as being the prevailing law of this case.

There is no doubt that Stephens v. Stumbo covers the present situation and that the county court relied upon the proper case law. The petitioners do not disagree too seriously with the position taken by the county court, but they severely challenge the holding of this Court in Stephens v. Stumbo. It is seriously contended that this Court by its holding has contravened the Constitution and that the case should be overruled.

This Court, upon reviewing Stephens v. Stumbo, is of the opinion that the holding in that case is sound and the Court now holds that the case was properly applied by the Warren County Court in declining to call an election for Motley Precinct.

The petition for mandamus is therefore denied.