Gay CAMPBELL and Donald B. Brewer, Appellants,

v.

Danny BREWER in his official capacity as County Judge/Executive and County Alcoholic Beverage Control Administrator of Wolfe County, Kentucky, Rev. Charles Glover, Jesse Risner, Bobby Rose, Ralph Lockard, Dr. Paul F. Maddox, Patricia Maddox, Rev. Adam Hays, Rev. Lester Spencer, Rev. Raymond Brewer, Bob Manning, Eddie Collier, Forrest Daniels, a/k/a Gene Daniels, Velma Daniels, Jerry Kincaid, James Henry Porter, Dorothy Porter, Jess W. Johnson, Tony Hobbs, Linda Hobbs, Rev. Ora F. Sparks, Jackie R. Danathan, Catheryn L. Donathan, Tutt Hatton, Mazie Hatton, Sewell Tyra, Maxine Tyra, Jerry Cable, Ray Hollon, Rev. Mike Brooks, Barbara Brooks, Roy Burton, Mavis Burton, Rev. Harry Hoover, Linda Hoover, Charlie Cox, Barbara Cox, Betty Kincaid, Garnett Fallen, Mary Cockerham, Elaine Wilson, Robert Dunn, Irene Dunn, F.B. Stamper, Clara Stamper, Kindel Clark, Karen Clark, Clay Bush, Wilma Bush, Corbitt Hollon, Rose Mary Hollon, Cecil Combs, Addie Combs, Rev. Eddie Nickell, Rev. Doyle Thomas, Raymond Hurst, Lesa Hurst, Woodrow Taulbee, Mamie Taulbee, Florence Fulks, Genora Edwards, Rev. Melvin B. Brown, Ruth P. Brown, Mary Bolinger, Ruth Pence, Alene Pence, Rev. Carrie Hancock, Rev. Henrietta News, Jerry Beasley, Emma Jean Beasley, Ollie Dunn, and Naomi Dunn, Appellees.

No. 93–SC–170–DG.

Supreme Court of Kentucky.

March 24, 1994.

Rehearing Denied Oct. 27, 1994.

John R. Hansen, Hazard, for appellants.

Mark A. Maddox, West Liberty, for appellees, Excluding Danny Brewer.

Billy Oliver, Campton, for appellee, Danny Brewer.

LAMBERT, Justice.

In *Parrott v. Belcher*, Ky., 884 S.W.2d 634 (rendered March 24, 1994), this Court held that a single precinct within a fourth class city which had abolished prohibition was entitled to separately vote, without regard to the three-year moratorium, whether it should reinstate prohibition; that the voters of that political subdivision were entitled to determine their own fate. Here the issue is whether voters of individual precincts of a county not containing a city of the first four classes which has abolished prohibition have the same right.

On April 13, 1991, the citizens of Wolfe County voted to end county-wide prohibition of alcoholic beverage sales. Thereafter, on July 3, 1991, petitions containing the required number of signatures were filed with the county judge/executive seeking elections on the issue of prohibition in each of the sixteen voting precincts of Wolfe County. The elections were all scheduled for July 20, 1991.

Appellants brought this action for injunctive relief in reliance upon that portion of KRS 242.030(5) which provides that "no election shall be held in the same territory oftener than once in every three years." The trial court granted the injunction reasoning that since all of the county's voting precincts had sought a local option election, it was the equivalent of a proscribed county-wide vote.

On appeal, the Court of Appeals reversed. It recognized that while all voting precincts in Wolfe county sought an election,

> the territory is not identical, as the votes and results will be precinct by precinct; the ballot cast by a voter in one precinct cannot and will not have any effect on the status of prohibition in any other precinct, unlike a county-wide election.

We will not be long detained by the foregoing issue as the Court of Appeals was undeniably correct. If such elections are held, the votes in each of the sixteen precincts will be separately tabulated and the majority will prevail in each precinct without regard to the number of votes cast for or against the proposition in any other precinct. The statutory proscription is limited to the "same territory" and this results in no violation.

Appellants have attempted to make various constitutional claims attacking this Court's decision in *Howard v. Salyer*, Ky., 695 S.W.2d 420 (1985), and in particular, that portion which reiterated the continued viability of the Cammack Act whereby a county-wide vote in favor of prohibition may not be reconsidered by another political subdivision within the county for three years except for cities of the first four classes. With respect to the constitutional claims, the trial court made only the most inexplicit reference and the Court of Appeals failed to address any constitutional question whatsoever. As such, we have considerable doubt whether any constitutional issue is properly before this Court. *See, inter alia, Maney v. Mary Chiles Hospital*, Ky., 785 S.W.2d 480 (1990). But in any event, the constitutional claims appellants make in this proceeding were fully resolved in this Court's recent and thoroughly considered decision in *Howard v. Salyer, supra,* and cases cited therein. As appellants have made no showing as to changes in circumstances or manifestly erroneous constitutional interpretation, we decline to reconsider that decision.

What remains, therefore, is the simple question of whether a single precinct in a wet county may have a new vote prior to the expiration of three years. The answer to this question was given long ago in *Fuson v. Howard*, 305 Ky. 843, 205 S.W.2d 1018 (1947), which followed a number of earlier decisions. Adopting the holding of *Eggen v. Offutt*, 128 Ky. 314, 108 S.W. 333, 334 (1908), the Court said:

> It is true, section 2563, Ky.St.1903, provides: "The election or elections herein provided for shall not be held for any county, town, district or precinct, oftener than once every three years." But we held in the case supra that this statutory inhibition only applies to a second election within the time indicated in the same or "identical territory." Manifestly it cannot be claimed that an election held in magisterial district No. 4 as a unit or whole, such as was the election for the county held in 1906. Therefore the territory in which the elections occurred was not the same or "identical territory." If the election of 1906 for the county, in which the county as a whole was the unit, had gone dry, instead of wet, the election held in district No. 4, the smaller unit, in 1907, would have been invalid; but inasmuch as the county election did not so result, and the district election resulted in favor of prohibition, and it was not held in the identical territory in which the election for the county was held, it had the effect to put prohibition in force in district No. 4.

Our decision in *Howard v. Salyer* is fully in accord with the foregoing. Indeed, the Court observed that

> All of the cases decided by this court since *Board of Trustees* [*Board of Trustees of Town of New Castle v. Scott*, 125 Ky. 545, 101 S.W. 944] in 1907 to the present date have followed the philosophy set out there and in *May* [*May v. Ferguson*, 135 Ky. 411, 122 S.W. 208 (1909) ]. The legislature has not changed the order of things in this area. . . .

*Id.* at 425.

Section 61 of the Constitution of Kentucky directs the General Assembly to enact laws whereby the wishes of the people of counties, cities, towns, districts or precincts may be ascertained as to whether or not intoxicating beverages may be legally sold. While the statutes enacted pursuant thereto are complex and possibly ambiguous, this Court's decisions have been generally consistent in our interpretation of the statutes. As the Constitution grants the General Assembly plenary power in this arena, if this Court's decisions are in error, it is for the General Assembly to make the correction.

The judgment of the Court of Appeals is affirmed.

REYNOLDS, STUMBO and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., dissents by separate opinion in which LEIBSON and SPAIN, JJ., join.

STEPHENS, Chief Justice, dissenting.

Respectfully, I dissent.

The precinct elections authorized by the majority in this case have no identifiable support in the law. To the extent that the result here derives from the rationale stated by the Court in *Parrott v. Belcher*, Ky., 884 S.W.2d 634 (1994), such result is invalid, for the reasons put forth in my dissent in that case.

This scenario is precisely what is foreclosed by KRS 242.030(5), which imposes a three-year moratorium on local option elections held in the "same territory." On April 13, 1991, a majority of the citizens of Wolfe County voted to abolish prohibition. The filing of petitions in all sixteen of Wolfe County's precincts seeking a second local option election, within three months of the previous election, represents nothing less than an attempt by an obviously dissatisfied minority to subvert the popular will in violation of the statute.

As for the constitutional claims, I also disagree with the majority's reaffirmation of this Court's holding in *Howard v. Salyer*, Ky., 695 S.W.2d 420 (1985). Even if having precinct elections in all sixteen of Wolfe County's precincts did not violate KRS 242.030(5), which it does, these elections would be unconstitutional. The "county-

unit" rule which extends the franchise to discontented temperance enthusiasts after a county votes "*wet*," but not to prohibition foes after a county votes "*dry*," is not and never will be neutral. The majority erroneously relies on the plenary power of the General Assembly in this area to right the constitutional wrongs that have been perpetuated by this Court on this issue for decades. I firmly believe that this Court has the duty to reverse itself when necessary. "Where the constitution is neutral, the General Assembly and this Court also must be neutral." *Howard, supra* at 427 (Leibson, J., dissenting).

For the reasons stated above on the statutory issue, I would reverse the Court of Appeals and reinstate the injunction of the Wolfe Circuit Court. On the constitutional issue, for the above reasons, which are more fully explained in Justice Leibson's dissent in *Howard v. Salyer, supra,* I would hold the "county-unit" rule unconstitutional.

LEIBSON and SPAIN, JJ., join this dissenting opinion.